**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                         CASE NO.  5:08cr12-RH

JERROD JASON SANDERS,

      Defendant.

_____/

## ORDER ON CREDIT FOR TIME IN STATE CUSTODY

The defendant Jerrod Jason Sanders is serving a 188-month sentence in the Bureau of Prisons. The sentencing date was August 13, 2008. By letter to the judge dated May 2, 2018, Mr. Sanders asks for a recommendation to the Bureau of Prisons that he receive credit for time in state custody prior to imposition of the federal sentence.

Determining credit on a federal sentence is the job of the Bureau of Prisons in the first instance. *See, e.g.*, *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). Bureau determinations are subject to judicial review, but only after exhaustion of administrative remedies. *See, e.g.*, *United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990).

A defendant ordinarily is entitled to credit for time in state custody prior to imposition of a federal sentence only if the time as not been credited on another sentence. *See* 18 U.S.C. § 3585(b). Mr. Sanders's letter provides too little information to determine whether he should receive credit for time in state custody prior to imposition of the federal sentence. And the letter does not indicate that Mr. Sanders has exhausted his remedies in the Bureau of Prisons. The letter gives no reason to believe a judicial recommendation on this issue is necessary or would be helpful.

To be sure, the Bureau usually solicits a sentencing judge's recommendation on whether to designate a state facility for service of all or part of a federal sentence—a designation that would make state and federal sentences effectively concurrent. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); *see also United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997). But such a recommendation ordinarily does not deal with time prior to imposition of the federal sentence that was credited on the state sentence. And in any event, I was not Mr. Sanders's sentencing judge. The sentencing judge has retired and is not available to make a recommendation.

This order takes no position one way or the other on the merits of Mr. Sanders's request for credit for time in state custody, instead leaving that issue entirely to the Bureau of Prisons.

For these reasons,

IT IS ORDERED:

Mr. Sanders's request for a recommendation to the Bureau of Prisons, ECF
No. 173, is denied.

SO ORDERED on May 14, 2018.

s/Robert L. Hinkle
United States District Judge