**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v. CASE NO. 5:08cr12-RH

JERROD JASON SANDERS,

Defendant.

_________________________________/

**ORDER REQUIRING A RESPONSE TO THE MOTION TO RECONSIDER**

The defendant Jerrod Jason Sanders is serving a 188-month sentence in the Bureau of Prisons. He asserts the Bureau has failed to give proper credit for time in state custody both prior to and after imposition of the federal sentence. The issue is before the court on Mr. Sanders's motion to reconsider the order of May 14, 2018. That order declined to make a recommendation to the Bureau of Prisons because, among other things, the record included too little information to evaluate the Bureau's handling of this issue. Mr. Sanders now has submitted additional information, including the Bureau's September 26, 2017 and November 27, 2017 rulings on Mr. Sanders's appeals of the denial of credit. ECF No. 175 at 3–4 & 7.

I

If Mr. Sanders seeks not a recommendation to the Bureau but instead an order compelling the Bureau to give him credit, the proper remedy may be a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Any such petition would properly be filed in the district of incarceration, not this district, that is, not the district of conviction. But in appropriate circumstances, a sentencing court may make a recommendation to the Bureau.

II

The dispute arises from three cases: this federal case, a Georgia state-court case, and a Florida state-court case. The federal and Georgia cases resulted in convictions and prison sentences. The Florida case was dropped. Mr. Sanders has fully served the Georgia sentence and is serving the federal sentence.

III

When a defendant was detained as a result of the offense for which a federal sentence was imposed or as the result of any other charge for which the defendant was arrested after the commission of the offense for which the federal sentence was imposed, credit for the time in detention—that is, for time prior to imposition of a federal sentence—is subject to a clear, easily applied rule. The defendant receives credit for time in detention if the time is *not* credited on another sentence.

The defendant does *not* receive credit for time in detention that *is* credited on another sentence. *See* 18 U.S.C. § 3585(b).

Mr. Sanders was sentenced in this federal case on August 13, 2008. At least according to this record, Mr. Sanders received credit on his Georgia sentence for all time in detention or custody from December 31, 2005 until he completed service of the Georgia sentence on May 26, 2009. So the Bureau of Prisons has correctly denied credit for time prior to imposition of the federal sentence.

IV

This leaves for analysis time in custody *after* imposition of the federal sentence. The time can be divided into three periods. From August 13 to August 27, 2008, Mr. Sanders was in the physical control of the United States Marshals Service on a writ of habeas corpus ad prosequendum. From August 27, 2008 to May 26, 2009, Mr. Sanders was in a Georgia state facility serving his state sentence. Since May 26, 2009, Mr. Sanders has been in a Bureau of Prisons facility serving the federal sentence.

A

Mr. Sanders is plainly entitled to credit for time since May 26, 2009. During this period, Mr. Sanders has been in a federal facility serving only the federal sentence. The Bureau has given Mr. Sanders credit, and is continuing to give him credit, for this period.

B

For the earlier periods, an important factor is which sovereign—Georgia or the United States—had primary jurisdiction of Mr. Sanders. Primary jurisdiction and physical control are different concepts; the sovereign that has physical control does not necessarily have primary jurisdiction.

A sovereign who first takes custody of a person ordinarily has primary jurisdiction until the sovereign releases the person, whether on bail or other pretrial release or when the person is exonerated or any sentence has been served. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). The sovereign's primary jurisdiction continues even if the person is temporarily transferred to another sovereign's physical control for the purpose of proceedings there, as, for example, on a writ of habeas corpus ad prosequendum. While in a sovereign's physical control on such a writ, the sovereign is said to have borrowed the person from the sovereign that retains primary jurisdiction. *See Butler v. Warden*, 451 F. App'x 811 (11th Cir. 2011) (unpublished) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)).

The record is less than clear on which sovereign had primary jurisdiction of Mr. Sanders at which time. Mr. Sanders may have been in the primary jurisdiction of the State of Georgia from December 31, 2005 or even earlier. But he apparently was not in custody on October 30, 2006, when, according to the record, Florida

officials arrested him. From October 30, 2006 to January 30, 2007, Florida officials had physical control of Mr. Sanders, and if, as the record seems to suggest, he was at large prior to October 30, 2006, Florida apparently had primary jurisdiction as well. This apparently would be true even if Mr. Sanders escaped from Georgia officials prior to his October 30, 2006 arrest by Florida officials on new charges. *See, e.g.*, *Fisher v. Holinka*, 323 F. App'x 451 (7th Cir. 2009) (unpublished) (holding that a state that arrests a person on new charges has primary jurisdiction, even though the person escaped from the federal government's primary jurisdiction).

As of January 30, 2007, Georgia officials took physical control of Mr. Sanders, but again the record does not make clear whether Georgia or Florida had primary jurisdiction. In responding to one of Mr. Sanders's appeals, the Bureau said Mr. Sanders was "bonded" to the custody of Georgia officials. ECF No. 175 at 10. If, as this suggests, Mr. Sanders was granted bail or pretrial release on the pending Florida charges, then Georgia acquired primary jurisdiction, even if, prior to that time, Mr. Sanders was in Florida's primary jurisdiction.

On July 3, 2007, Mr. Sanders pleaded guilty to the Georgia charges and was sentenced to prison. The prison sentence was made retroactive to December 31, 2005, apparently indicating Mr. Sanders received credit for all time from that date forward.

On March 21, 2008, the United States Marshals Service took physical control of Mr. Sanders on a writ of habeas corpus ad prosequendum. This did not give the United States primary jurisdiction. Instead, Mr. Sanders was on loan from whichever state had primary jurisdiction—probably Georgia.

On April 8, 2008, the Florida charges were dropped. If, prior to that date, Mr. Sanders was in Georgia's primary jurisdiction, he remained in Georgia's primary jurisdiction. If, prior to that date, he was in Florida's primary jurisdiction, it is less clear which sovereign acquired primary jurisdiction going forward. But Mr. Sanders was returned to Georgia on August 27, 2008—when he was no longer needed for the federal proceedings. This apparently indicated that federal and Georgia officials believed Mr. Sanders was in Georgia's primary jurisdiction when the writ of habeas corpus ad prosequendum was issued. And in any event, this makes clear that Mr. Sanders was in Georgia's primary jurisdiction from August 27, 2008 until his release on May 26, 2009.

C

Because Mr. Sanders was in Georgia's primary jurisdiction from August 27, 2008 to May 26, 2009, he is not *entitled* to credit on his federal sentence for that period. But the Bureau has discretion to designate the state facility for service of the federal sentence, even retroactively, thus giving Mr. Sanders credit for that period and making the state and federal sentences effectively concurrent. *See*

*Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), *cited with approval*, *United States v. Tubby*, 546 F. App'x 869, 871 (11th Cir. 2013); *see also United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997); *Davis v. Coleman Medium*, 666 F. App'x 802 (11th Cir. 2016).

Choosing not to designate the state facility—and thus denying credit on the federal sentence—would not be an abuse of discretion. But in rejecting Mr. Sanders's appeals, the Bureau seemed not to recognize that this was an issue on which it had discretion. Instead, the Bureau seemed to assert that credit for this period could not be provided at all.

D

The same analysis applies to the period from August 13 to August 27, 2008. And if, during that period, Mr. Sanders was in federal primary jurisdiction—an unlikely proposition—Mr. Sanders may be *entitled* to credit for that period.

V

This order requires the government to respond to the motion to reconsider. The government may file materials to clarify the record and may advance any argument it chooses. In addition to the other issues noted in this order, the government must address whether, in rejecting Mr. Sanders's request for credit for time in Georgia custody from August 13, 2008 to May 26, 2009, the Bureau of

Prisons recognized its discretion to retroactively designate the state facility and thus to give credit for that time.

VI

For these reasons,

IT IS ORDERED:

The government must file by August 16, 2018, a response to the motion to reconsider, ECF No. 175.

SO ORDERED on July 19, 2018.

s/Robert L. Hinkle
United States District Judge